19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JOHN J.; Eileen Nichols, Plaintiffs-Appellants,
v.
CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA,
Defendant-Appellee.
 No. 92-16724.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1994.*
Decided March 15, 1994.
 
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Nichols challenge the district court's grant of summary judgment to Carpenters Health and Welfare Trust Fund ("Carpenters"). The court concluded that the Nichols's continuation health insurance coverage expired on December 31, 1991 and did not cover the expenses incurred incident to the birth of their child in January, 1992. The Nichols claim Carpenters failed to provide them with an understandable summary of the continuation coverage plan as required by federal law. We affirm.
 
 
 3
 The Employees Retirement Income Security Act ("ERISA") requires employers to summarize all benefit plans in language that the average worker can understand and provide these summaries to all plan participants. 29 U.S.C. Sec. 1022(a)(1) (1992). Carpenters concedes that its summary booklet does not discuss the Consolidated Omnibus Budget Reconciliation Act ("COBRA") continuation coverage, as the booklet was prepared before COBRA became effective for Carpenters employees. However, Carpenters did provide its employees with a two-page letter, summarizing the COBRA program in understandable language. We conclude that this letter satisfies the ERISA plan summary requirement.
 
 
 4
 The Nichols further argue that this COBRA summary letter is ambiguous about whether the 18-month COBRA period is in addition to or includes coverage paid for by the employee's hour bank reserves. We do not find the letter ambiguous; it indicates clearly that an employee's hour bank account would be credited toward the employee's COBRA period payments rather than used to extend the duration of the COBRA period. Moreover, Carpenters eliminated any possible confusion with its notification letter, which informed the Nichols that their COBRA period would be from "JULY 1990 THRU DECEMBER 1991." (capitalization in original).
 
 
 5
 Carpenters fulfilled its obligations under ERISA. The district court's grant of summary judgment to Carpenters is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3